IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KAREN DALL and JAMES DALL,

Plaintiffs,

v.

TRI STAR PETRO SERV, INC. and
RYAN ROGERS,

Defendants.                                              No. 10-431-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court for case management purposes. Upon review of both the Notice of Removal (Doc. 2) and the allegations in Plaintiffs' Complaint (Doc. 2 Ex. 1), the Court finds that it must raise the issue, *sua sponte*, of whether this Court has subject matter jurisdiction over this case. ***McCready v. White***, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit."). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle***, 74 U.S. 50, 514, 7 Wall. 506, 19 L.Ed. 264 (1868): ***Seel Co. v. Citizens for Better Environment***, 523 U.S. 83, 95, 118 S.Ct. 1003, 1012 (1998). In fact, federal courts are "obliged to police the statutory and constitutional limitations on their subject matter jurisdiction" and should raise and consider jurisdictional issues

regardless of whether the matter is ever addressed by the parties to the suit. *See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdiction requirements have been met. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between parties plus an amount in controversy exceeding, $75,000, exclusive of interests and costs. The removal statute, **28 U.S.C. § 1441**, is construed narrowly and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

Defendants state in their Notice of Removal (Doc. 2) that there is diversity of citizenship as both Plaintiffs are citizens of Clinton County, Illinois and Defendant Ryan Rogers is a citizen of Harris County, Texas. Further, Defendant Tri Star Petro Serv. Inc. is a corporation organized and existing under the laws of Texas. As there is complete diversity, the only issue the Court must raise *sua sponte* is whether the amount in controversy is sufficient. When the amount in controversy is at issue, if the face of the complaint establishes that the suit cannot involve the necessary amount, the case should be remanded. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291-92, 58 S.Ct. 586, 82 L.Ed. 845 (1938). "Accepted wisdom" provides that a plaintiff's evaluation of the stakes must be

respected when deciding whether a claim meets the amount in controversy requirement for federal diversity jurisdiction. ***Barbers, Hairstyling for Men & Women, Inc. v. Bishop***, 132 F.3d 1203, 1205 (7th Cir. 1997) (citing ***St. Paul Mercury***, 303 U.S. at 289).

If the Plaintiff's prayers for relief do not specify a monetary amount, the court "may look outside the pleadings to other evidence of jurisdictional amount in the record." ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (internal citations omitted)**. Yet, the Court must only analyze "evidence of amount in controversy that was available at the moment the petition for removal was filed." ***Id.* (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992))**. In determining whether the jurisdictional threshold amount has been met, pursuant to § 1332, the Court must evaluate "the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed." ***Uhl v. Thoroughbred Tech. and Telecomm., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993))**. If little information is provided as to the value of a plaintiff's claim from the onset, a court can find, at times, that a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." ***Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004))**. Once subject matter jurisdiction has been established, it can only be defeated if a plaintiff presents "to a

legal certainty that the claim [was] really for less than the jurisdictional amount" at the time of removal.  ***Id.* (citations omitted)**.

In determining whether a remand is warranted in this case, the Court must look at whether the allegations of the Dalls' Complaint show that the amount in controversy exceeds $75,000.  If the allegations are not specific, the Court must look to whether Defendants' estimate of the amount in controversy in this case was "plausible and supported by a preponderance of the evidence."  ***Id***.

In its Notice of Removal (Doc. 2) Defendants allege that the amount in controversy requirement is met because both Plaintiffs seek damages in excess of $50,000 which together exceeds the $75,000 threshold requirement.  However, Plaintiffs claims can not be aggregated, as Defendants have alleged, in order to meet the jurisdictional amount in controversy; instead, the Court must consider the amount in controversy of the individual plaintiffs' claims.  ***See McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009)**.  ***See also Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 711 (7th Cir. 2007) ("It is well settled that while an individual plaintiff's multiple claims against a single defendant may be aggregated to determine diversity jurisdiction, the separate claims of multiple plaintiffs against a single defendant cannot be aggregated.") (citing *Sarnoff v. Am. Home Prods. Corp.*, 798 F.2d 1075, 1077 (7th Cir. 1986))**.  While Plaintiffs' claims combined might exceed $75,000, Defendants have offered no evidence to show that each plaintiffs' individual claims

exceed $75,000. The Notice of Removal (Doc. 2) only states that each Defendant seeks in excess of $50,000, which exceeds $75,000. The Notice fails to contain any evidence supporting Defendants' claim that the amount in controversy exceeds $75,000. Further, Plaintiffs' Complaint only states that each Plaintiff seeks in excess of $50,000 (Doc. 2 Ex. 1). Nothing in the Complaint indicates that each Plaintiffs' claims are for more than $75,000. Therefore, Defendants have failed to demonstrate that the amount in controversy is more than $75,000.

Accordingly, the Court finds that the requirements to plead diversity jurisdiction have not been met and thus this Court lacks subject matter jurisdiction. The Court therefore **REMANDS** this case back to state court pursuant to **28 U.S.C. § 1447(c)**. Case is **REMANDED** back to the Circuit Court of the Twentieth Judicial Circuit of St. Clair County, Illinois.

**IT IS SO ORDERED.**

Signed this 16th day of June, 2010.

/s/ David R Herndon
**Chief Judge**
**United States District Court**